IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| STEVEN L. HILL | ) | |
| | ) | |
| v. | ) | NO. 3:15-0464 |
| | ) | |
| THOMAS GOOCH | ) | |

TO: Honorable Todd J. Campbell, District Judge

# R E P O R T   A N D   R E C O M M E N D A T I O N

By Order entered April 24, 2015 (Docket Entry No. 3), this civil action was referred to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72 (b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Steven Hill ("Plaintiff") filed this lawsuit *pro se* and *in forma pauperis* on April 21, 2015, while he was incarcerated as a convicted inmate at the Metro-Davidson County Detention Facility ("Detention Facility") in Nashville, Tennessee. He seeks relief under 42 U.S.C. § 1983 against Defendant Thomas Gooch ("Defendant") based on allegations that Defendant violated Plaintiff's constitutional rights while acting under color of state law as a community service supervisor for the Davidson County Drug Court. Specifically, Plaintiff alleges that Defendant sexually harassed and assaulted him in 2013. By the order of referral, the Court found that Plaintiff had alleged non-frivolous claims and directed that process issue to Defendant.

On July 16, 2015, Defendant filed a *pro se* answer denying the allegations of wrongdoing, *see* Docket Entry No. 12, and the Court entered a scheduling order on July 30, 2015, setting out deadlines for pretrial activity in the action. The scheduling order also specifically directed that the parties were to keep both the Court and the opposing party informed of their current address and that the failure to comply with this directive may result in a recommendation that the action be dismissed. *See* Docket Entry No. 27 at 2.

Upon the expiration of the scheduling order deadlines, and with very little activity having occurred in the action, the Court scheduled an evidentiary hearing for August 16, 2016, in order to determine whether the matter should be set for a jury trial as demanded by Plaintiff. *See* Order entered May 16, 2016 (Docket Entry No. 42). In accordance with the Court's normal practice, the Court entered an order for Plaintiff's custodians to produce him for the hearing. *See* Docket Entry No. 47. Although no official from the Detention Facility contacted the Court regarding the order to produce, the docket in this action reflects that court mail sent to Plaintiff at the Detention Facility, which is the only address provided by Plaintiff for his mail, has recently been returned with the notations "inmate no longer here" and "undeliverable as addressed." *See* Docket Entry Nos. 44, 45, and 50. When the Court convened the evidentiary hearing on August 16, 2016, Defendant was in attendance but Plaintiff was not.

Rule 16(f)(1) of the Federal Rules of Civil Procedure provides that "on motion or on its own, the Court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party . . . (C) fails to obey a scheduling or other pretrial order." Pursuant to Rule 37(b)(2)(A)(v), the Court may dismiss an action as a sanction. In addition, it is well-settled that federal trial courts have the inherent power to manage their own dockets. *Link v. Wabash R.R.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1961). Rule 41(b) of the Federal Rules of Civil Procedure permits the Court to

dismiss an action upon a showing of a clear record of delay, contumacious conduct, or failure to prosecute by a plaintiff. *See Bishop v. Cross*, 790 F.2d 38 (6th Cir. 1986); *Patterson v. Township of Grand Blanc*, 760 F.2d 686, 688 (6th Cir. 1985) (*per curiam*); *Carter v. City of Memphis, Tennessee*, 636 F.2d 159, 161 (6th Cir. 1980).

Dismissal of this action pursuant to Rule 16(f)(1) and Rule 41(b) is warranted because of Plaintiff's failure to comply with the directive of the Court to keep the Court informed of his current address, a failure which led to his non-appearance at the evidentiary hearing scheduled in this action. Plaintiff's unknown whereabouts have created an impasse in the action when Defendant is ready to defend the allegations against him. Given this fact and Plaintiff's apparent disinterest in the action, a sanction lesser than dismissal is not warranted.[1]

## RECOMMENDATION

Based upon the foregoing, the Court respectfully RECOMMENDS that this action be DISMISSED WITH PREJUDICE in its entirety pursuant to Rules 16(f)(1) and 41(b) of the Federal Rules of Civil Procedure.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of receipt of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's

---

[1] As noted herein, Plaintiff was previously put on notice that failure to keep the Court informed of his correct address would result in a recommendation that this action be dismissed. This report and recommendation provides additional notice of the recommended dismissal with an opportunity for Plaintiff to object.

Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge